THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARA STUART ROBINSON,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>CLISE PROPERTIES INC,<br><br>　　　　　　Defendants. | CASE NO. C24-0397-JCC<br><br>MINUTE ORDER |

　　　　The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

　　　　This matter comes before the Court *sua sponte*. The Court must dismiss a complaint if it appears that it has no jurisdiction to proceed. Fed. R. Civ. P. 12(h)(3). A review of Plaintiff's complaint (Dkt. No. 5) reveals inadequate allegations to support this Court's jurisdiction.

　　　　First, Plaintiff must identify the basis for subject matter jurisdiction. Federal courts generally possess two types of subject matter jurisdiction—federal question jurisdiction and diversity of citizenship jurisdiction. In her complaint, Plaintiff indicates "federal question" as the basis for jurisdiction. (*Id.* at 1.)[1] This exists when a plaintiff's claim arises "under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. But the closest Plaintiff

---

[1] Plaintiff further cites to 28 U.S.C. 1367, the supplemental jurisdiction statute. (*Id.*)

comes to citing any federal law is her reference to "due process" and "civil rights" violations. (Dkt. No. 5 at 3.) This, alone, is insufficient to establish federal question jurisdiction. Instead, Plaintiff must list the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Second, assuming Plaintiff's intent is to allege violations of the Constitution, her complaint is insufficiently pled. "A threshold requirement of any constitutional claim is the presence of state action." *Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 837 (9th Cir. 2017) (quotations and citation omitted). And here, the sole named defendant in this case, Clise Properties, Inc., is a private (*i.e.*, non-governmental) actor. (*Id.* at 1.) Thus, to the extent Plaintiff seeks to allege constitutional violations by Clise Properties, her complaint is deficient.

Based on the above, Plaintiff is ORDERED to show cause why this Court has subject matter jurisdiction. Plaintiff may do so by filing an amended complaint within thirty (30) days of the issuance of this order. If no amendment is made, the Court will dismiss the instant complaint (Dkt. No. 5) for lack of subject matter jurisdiction. If, in the amended complaint, Plaintiff fails to state sufficient facts to support a cognizable legal theory, the complaint will also be dismissed for failure to state a claim.

The Clerk is DIRECTED to mail a copy of this order to Plaintiff.

DATED this 28th day of March 2024.

Ravi Subramanian
Clerk of Court

s/Kathleen Albert
Deputy Clerk